UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**AARON D. YOUNKER,**

    **Plaintiff,**

v.

    Civil Action 2:11-cv-00749
    Judge Gregory L. Frost
    Magistrate Judge E.A. Preston Deavers

**OHIO STATE UNIVERSITY MEDICAL CENTER,** *et al.*,

    **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

This matter is before the Court for an initial screen of the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff is attempting to bring claims against Defendants The Ohio State University ("OSU") Medical Center, Paul R. Beery, Stuart Hudson, and the Manufacturer of the "Porietex ProGrip."[1] Although Plaintiff does not provide explicit labels for the claims within his Complaint, his action arises from a September 2010 hernia surgery. At this time, the Court will permit Plaintiff to proceed on his claim for deliberate indifference to his serious medical needs against Defendant Hudson. Additionally, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** the remainder of Plaintiff's claims, and the remainder of Defendants, without prejudice.

---

[1] Plaintiff's Complaint is not entirely clear as to precisely what role the two individual Defendants played regarding his allegations. Based on the addresses Plaintiff has provided for these Defendants, and construing the *pro se* Complaint liberally, as the Court must, the undersigned assumes that Defendant Berry is a physician at the OSU Medical Center and that Defendant Hudson is an employee of the Ohio Department of Rehabilitation and Correction.

# I.  STANDARD

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[2] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*     \*     \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31; *see also* 28 U.S.C. § 1915A (requiring the Court to screen a prisoner's complaint "as soon as practicable" and dismiss any portion of a the complaint if it is frivolous, malicious, or fails to state a claim). Thus, § 1915(e) and § 1915A require *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Fed. R. Civ. P. 8(a). *See also Hill v. Lappin*, 630

---

[2]Formerly 28 U.S.C. § 1915(d).

F.3d 468, 470–71 (6th Cir. 2010) (applying Fed. R, Civ. P. 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 566 U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Furthermore, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party.  *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted).  Additionally, the Court must construe *pro se* complaints liberally.  *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010).  The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations.  *Iqbal*, 129 S.Ct. at 1949.

## II. ANALYSIS

As indicated above, pursuant to an initial screen,[3] at this juncture the Court will allow Plaintiff to proceed on his deliberate indifference of serious medical need claim against Defendant Hudson. It is **RECOMMENDED**, however, that the Court **DISMISS** Plaintiff's remaining claims.

To the extent Plaintiff seeks to state claims against the OSU Medical Center, and Dr. Berry in his official capacity, these claims should be dismissed without prejudice for a lack of subject matter jurisdiction. As this Court has previously held, the OSU Medical Center is an arm of the state and, therefore, pursuant to the Eleventh Amendment, is immune from suit in federal court. *See, e.g.*, *Siegler v. Ohio State University*, No. 2:11–cv–170, 2011 WL 1990570, at *6 (S.D. Ohio May 23, 2011) (report and recommendation later adopted) (applying sovereign immunity and dismissing the OSU Medical Center for lack of subject matter jurisdiction).

Plaintiff also purports to bring state-law claims for product liability. Specifically, Plaintiff maintains that a "Porietex Progrip" mesh was used during his hernia repair surgery at the OSU Medical Center. According to Plaintiff, after the surgery, a doctor at the Chillicothe Correctional Institution informed him that the surgery failed. Plaintiff contends that the mesh is defective. Additionally, Plaintiff maintains that his insides are growing into the mesh and that the mesh has become wrapped around his internal organs, causing him extreme pain.

Although Plaintiff is attempting to set forth a claim for product liability, he fails to reference the Ohio Product Liability Act ("OPLA"). The OPLA, codified at Ohio Rev. Code §§ 2307.71 to 2307.80, "explicitly eliminate[s] 'all common law product liability claims or

---

[3] This determination in no way precludes Defendant from moving to dismiss Plaintiff's claim pursuant to Rule 12(b)(6) or 12(c).

causes of action.'" *Wimbush v. Wyeth*, 619 F.3d 632, 639 (6th Cir. 2010) (quoting Ohio Rev. Code § 2307.71(B)). Consequently, applying Ohio law, this Court has held that "[c]laims that are authorized by the OPLA should be pled with reference to the applicable provision of the OPLA." *Stratford v. SmithKline Beecham Corp.*, No. 2:07–CV–639, 2008 WL 2491965, at *5 (S.D. Ohio June 17, 2008) (collecting cases).

Furthermore, the undersigned finds that Plaintiff's Complaint fails to state a facially plausible product liability claim in its current form. To successfully plead his product liability claim, Plaintiff must provide sufficient facts for the Court to reasonably infer a product defect. *Compare Baldwin v. Zimmer, Inc.*, No. 2:10–cv–01144, 2011 WL 3652411, at *2 (S.D. Ohio Aug. 19, 2011) (finding the plaintiffs' complaint was insufficient when it "merely recited the elements" of a products liability claim and "failed to identify specifically the defects or failures at issue"); *with Foust v. Stryker Corp.*, No. 2:10-cv-00005, 2010 WL 2572179, at *5 (S.D. Ohio June 22, 2010) (finding a product liability claim facially plausible where the plaintiff alleged that a surgically implanted medical device broke after it was implanted). Here, Plaintiff asserts, in conclusory fashion, that the mesh is defective. This bare statement is not enough under *Iqbal* and *Twombly*. Plaintiff himself surmises that his insides are growing into the mesh and that the mesh has become wrapped around his groin region, but such allegations do not sufficiently identify how the mesh itself has failed. In other terms, Plaintiff's Complaint fails to detail how the mesh, and not simply its current placement, is defective. Under these circumstances, and factoring in the lack of reference to the OPLA, the Court finds dismissal without prejudice appropriate.

Finally, the undersigned also finds that the Court should dismiss any separate claims against Defendant Berry. Based on the facts Plaintiff has pled, the undersigned can only assume

that Plaintiff is suing Defendant Berry based on his participation in either the surgery or treatment Plaintiff received at the OSU Medical Center. Plaintiff maintains that he received hernia repair surgery from the OSU Medical Center and that this surgery ultimately proved unsuccessful. The ultimate failure of Plaintiff's surgery is not enough for Plaintiff to reasonably infer that Defendant Berry was deliberately indifferent to Plaintiff's medical needs. Furthermore, to the extent that Plaintiff is attempting to plead a state-law claim for medical malpractice, this claim also fails. Even assuming that Plaintiff has provided sufficient factual detail to support a medical malpractice claim, he has not provided a sufficient affidavit of merit—indicating that Defendant Berry violated the applicable standard of care—generally required for medical malpractice claims under Ohio law.[4] *See* Ohio R. Civ. P. 10(D)(2); *Maston v. Montgomery Cnty. Jail Med. Staff Pers.*, No. 3:10cv00104, 2011 WL 2442706, at *5–6 (S.D. Ohio Apr. 18, 2011) ("To the extent Plaintiff's Amended Complaint alleges medical claims arising under Ohio law . . . Plaintiff's failure to attach the affidavit of merit requires dismissal . . . .").

### III. CONCLUSION

Based on the above analysis, at this time Plaintiff may proceed on his claim for deliberate indifference to his serious medical needs against Defendant Hudson. It is **RECOMMENDED** that the Court **DISMISS** the remainder of Plaintiff's claims, and the remaining Defendants, without prejudice.

The United States Marshal is **DIRECTED** to serve by certified mail upon Defendant Hudson a summons, a copy of the Complaint, and a copy of this Order. Defendant Hudson is

---

[4] Plaintiff attaches statements of other inmates to his Complaint, but these statements fail to meet the requirements of Ohio R. Civ. P. 10(D)(2).

**ORDERED** to answer or otherwise respond to the Complaint within 45 days of being served with a summons and a copy of the Complaint.

The Clerk of Court is **DIRECTED** to mail a courtesy copy of the Complaint and a copy of this Order to the Attorney General of Ohio, Corrections Litigation Section, 150 East Gay Street, 16th Floor, Columbus, Ohio 43215.

## IV.  NOTICE

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: September 29, 2011 /s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge