# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**AARON D. YOUNKER,**

    **Plaintiff,**

v.

    **Civil Action 2:11-cv-00749**
    **Judge Gregory L. Frost**
    **Magistrate Judge E.A. Preston Deavers**

**OHIO STATE UNIVERSITY MEDICAL CENTER,** *et al.*,

    **Defendants.**

## ORDER AND REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Plaintiff's Motion for Leave to Amend Complaint (ECF No. 32) and Defendant Stuart Hudson's Motion for Judgment on the Pleadings (ECF No. 16). For the reasons that follow Plaintiff's Motion to Amend is **GRANTED** in part and **DENIED** in part. Additionally, it is **RECOMMENDED** that the Court **DENY** Defendant Hudson's Motion for Judgment on the Pleadings.

## I. BACKGROUND

Plaintiff, a prisoner at the Chillicothe Correctional Institution ("CCI") proceeding *pro se*, brings claims concerning his medical condition since a September 2010 hernia surgery. He maintains that Dr. Paul Berry performed this surgery at the Ohio State University Medical Center, inserting a mesh in an attempt to repair Plaintiff's hernia. According to Plaintiff, he has experienced severe abdominal pain since the surgery and a doctor at CCI informed him that the surgery failed. Plaintiff asserts that the mesh Dr. Berry used is defective. Plaintiff contends that despite his complaints of pain, the prison medical staff has refused to treat him. He seeks both injunctive relief, in the form of required medical treatment, and monetary damages.

Within his original Complaint, Plaintiff brought claims against The Ohio State University Medical Center, Dr. Berry, the manufacturer of the mesh used in his surgery, and Stuart Hudson, Chief of the Ohio Department of Rehabilitation and Correction's ("ODRC") Bureau of Medical Services. Following an initial screen pursuant to 28 U.S.C. § 1915(e)(2), the Court allowed Plaintiff to proceed on his claim against Defendant Hudson for deliberate indifference to his serious medical needs. The undersigned, however, recommended that the Court dismiss Plaintiff's claims against the remaining Defendants for a lack of subject matter jurisdiction and for failure to state a claim. The Court adopted these recommendations without objection.

On January 20, 2012, Defendant Hudson moved for judgment on the pleadings. Defendant Hudson maintains that Plaintiff's claim against him is impermissibly vague and amounts to nothing more than a disagreement over the proper course of medical treatment. Defendant Stuart also stresses that Plaintiff cannot rely on *respondent superior* to impose liability in a 42 U.S.C. § 1983 action for violation of his constitutional rights.

On March 2, 2012, Plaintiff moved for leave to amend his complaint, attaching a proposed Amended Complaint.[1] In moving for leave, Plaintiff attempts to reinstate claims against The Ohio State University Medical Center and Dr. Paul Beery. Additionally, Plaintiff seeks to add further detail to his claim against Defendant Hudson. Finally, Plaintiff seeks to add Gary Mohr, Director of the ODRC, as a defendant in this case. Defendant Hudson opposes amendment, contending, primarily, that Plaintiff's proposed amendments are futile.

---

[1] Upon Plaintiff's request, the Court granted Plaintiff until March 19, 2012 to move to amend his Complaint. Plaintiff's proposed Amended Complaint omits a relief section. Construing Plaintiff's *pro se* pleadings liberally, however, the Court assumes Plaintiff seeks the same injunctive and monetary relief that he requests in his original Complaint.

## II. STANDARD

### A. Motion to Amend

Pursuant to Rule 15(a), the Court should freely grant a party leave to amend his or her pleadings when justice so requires. Fed. R. Civ. P. 15(a). "Nevertheless, leave to amend should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (internal quotations omitted). "An Amendment is futile if it would not survive a motion to dismiss . . . ." *Campbell v. BNSF Ry. Co.*, 600 F.3d 667, 677 (6th Cir. 2010). "The decision whether or not to permit the amendment is committed to the discretion of the trial court." *Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990).

### B. Motion for Judgment on the Pleadings

Rule 12(c) of the Federal Rules of Civil Procedure allows a party to "move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The Court evaluates a motion filed under Rule 12(c) using the same standard as a Rule 12(b)(6) motion to dismiss. *See Roth v. Guzman*, 650 F.3d 603, 605 (6th Cir. 2011).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal

3

Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011) (holding, pursuant to *Iqbal* and *Twombly*, that a plaintiff must allege sufficiently specific facts to state a facially plausible claim even if such facts are in the hands of the defendants).

In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). Additionally, the Court must construe *pro se* complaints liberally. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 556 U.S. at 678.

### III. ANALYSIS

As detailed above, Plaintiff seeks to amend his Complaint for a variety of purposes. First, the Court will examine Plaintiff's attempts to reinstate The Ohio State University Medical Center and Dr. Paul Berry. Second, the Court will address Plaintiff's proposed amendments to his claim against Defendant Hudson in conjunction with the pending Motion for Judgment on the Pleadings. Finally, the Court will consider whether it should permit Plaintiff to add Gary Mohr, Director of the ODRC, as a defendant in this action.

**A.      The Ohio State University Medical Center and Dr. Paul Beery**

Within his proposed Amended Complaint Plaintiff attempts to bring a claim against the

Ohio State University Medical Center, apparently for product liability. For the same reasons as articulated in the undersigned's September 29, 2011 Report and Recommendation, however, the Court lacks subject matter jurisdiction over these claims.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subject of any Foreign State." U.S. Const. amend. XI. Consequently, "[t]he Eleventh Amendment bars suits brought in federal court against a state and its agencies unless the state has waived its sovereign immunity or consented to be sued in federal court." *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008). The Ohio State University Medical Center is an arm of the state, and, therefore, is immune from suit in federal court.[2] *See, e.g., Siegler v. Ohio State Univ.*, No. 2:11–cv–170, 2011 WL 1990570, at *6 (S.D. Ohio May 23, 2011) (report and recommendation later adopted) (applying sovereign immunity and dismissing the OSU Medical Center for lack of subject matter jurisdiction). Furthermore, "Ohio has not waived its sovereign immunity in federal court." *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). Accordingly, Plaintiff's claim against The Ohio State University Medical Center is futile.

Plaintiff's separate claim against Dr. Paul Beery is also futile because it fails to state a

---

[2] To the extent Plaintiff attempts to bring claims against any of the individual defendants—all of whom are state employees—in their official capacity for monetary damages, Defendants are immune from Plaintiff's claims. *See Barker v. Goodrich*, 649 F.3d 428, 433 (6th Cir. 2011) (holding that to the extent the plaintiff sought monetary damages from state prison employees in their official capacity, Eleventh Amendment immunity applied). Plaintiff, however, provides that he is suing Defendants in both their individual and official capacities and seeks both monetary and injunctive relief. Furthermore, to the extent Plaintiff attempts to bring a separate claim against the ODRC, Eleventh Amendment immunity applies for the reasons detailed above.

claim. Plaintiff asserts that Dr. Berry, a physician at The Ohio State University Medical Center, performed his September 2010 hernia surgery. Plaintiff appears to contend that Dr. Berry is liable because Dr. Berry admitted there were complications in the surgery, and the surgery later proved unsuccessful. Plaintiff fails to explicitly label his claim against Dr. Berry, but does indicate that Dr. Berry is being sued for "strict liability." (Am. Compl. 8, ECF No. 32-1.)

As was the case with Plaintiff's original Complaint, Plaintiff's proposed Amended Complaint fails to state a facially plausible claim against Dr. Berry. As the undersigned noted in the previous Report and Recommendation, the circumstances Plaintiff highlights are insufficient to state an Eighth Amendment claim for deliberate indifference to Plaintiff's serious medical needs. Additionally, even assuming Plaintiff has pled sufficient factual detail to support a state-law medical malpractice claim, a doubtful proposition, he still fails to provide an affidavit of merit required for medical malpractice claims under Ohio law. *See* Ohio R. Civ. P. 10(D)(2); *Fletcher v. Univ. Hosps. of Cleveland*, 120 Ohio St.3d 167, 170 (Ohio 2008) (holding Rule 10(D)(2) imposes an affidavit requirement to "deter the filing of frivolous medical-malpractice claims" and that dismissal for failure to state a claim is the appropriate remedy "when the plaintiff fails to include an affidavit of merit"). Finally, to the extent Plaintiff is attempting to plead product liability against Dr. Berry as a supplier, for inserting the allegedly defective mesh, Plaintiff fails to assert facts necessary to establish supplier liability under the Ohio Products Liability Act. *See* Ohio Rev. Code § 2307.78 (outlining the requirements for supplier product liability claims).

**B.    Defendant Stuart Hudson**

Plaintiff also brings a claim against Defendant Hudson for deliberate indifference to his serious medical needs in violation of the Eighth Amendment. Defendant Hudson moves for

judgment on the pleadings and contends that the additional allegations contained in Plaintiff's proposed Amended Complaint also fail to state a claim. Upon review, the undersigned disagrees. In particular, Plaintiff's deliberate indifference claim against Defendant Hudson within the proposed Amended Complaint states a facially plausible claim.[3]

It is well established that "[t]he Eighth Amendment forbids prison officials from unnecessarily and wantonly inflicting pain on an inmate by acting with deliberate indifference toward [his] serious medical needs." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 941 (6th Cir. 2010) (internal quotations omitted). A claim for deliberate indifference "has both objective and subjective components." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). The United States Court of Appeals for the Sixth Circuit has explained the standard as follows:

> The objective component mandates a sufficiently serious medical need. [*Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004).] The subjective component regards prison officials' state of mind. *Id.* Deliberate indifference "entails something more than mere negligence, but can be satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 895–96 (internal quotation marks and citations omitted). The prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 896 (internal quotation marks and citation omitted).

*Barnett v. Luttrell*, 414 F. App'x 784, 787–88 (6th Cir. 2011).

The Sixth Circuit has also noted that in the context of deliberate indifference claims:

> "[W]e distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where a prisoner alleges only that the medical care he received was inadequate, "federal courts are generally reluctant to second guess medical judgments." *Id.*

---

[3] The Court finds nothing inherently wrong with Plaintiff seeking leave to amend in response to Defendant Hudson's Motion for Judgment on the Pleadings, as Defendant Hudson seems to suggest. Rather, seeking leave to correct potential deficiencies in a complaint is a common response to such a motion.

7

> However, it is possible for medical treatment to be "so woefully inadequate as to amount to no treatment at all." *Id.*

*Alspaugh*, 643 F.3d at 169.

In analyzing Plaintiff's medical indifference claim, the Court notes that "[a]llegations of *respondeat superior* do not sustain a § 1983 claim against state employees in their individual capacities, meaning that officials are personally liable for damages under that statute only for their own unconstitutional behavior." *Colvin v. Caruso*, 605 F.3d 282, 292 (6th Cir. 2010) (internal quotations omitted); *see also Barnes v. Morgan*, No. 1:11–cv–380, 2012 WL 147948, at *4 (S.D. Ohio Jan. 18, 2012) ("Generally a warden or supervisor may rely on the professional judgment of his medical staff."). "However, this does not automatically mean that a supervisor can never incur liability under § 1983." *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 81 (6th Cir. 1995). "Supervisors can be held liable for their own 'active unconstitutional conduct . . . rather than on their supervision of others engaging in unconstitutional conduct.'" *Hall v. Warren*, 443 F. App'x 99, 109 (6th Cir. 2011) (quoting *Spencer v. Bouchard*, 449 F.3d 721, 730 (6th Cir. 2006)). Accordingly, to state a claim a plaintiff must allege that a supervisor "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Colvin*, 605 F.3d at 292 (internal quotations omitted). A supervisor may not "escape liability if the evidence show[s] that he [or she] merely refused to verify underlying facts that he strongly suspected to be true, or declined to confirm inferences of risk that he strongly suspected to exist . . . ." *Farmer v. Brennan*, 511 U.S. 825, 843 n.8 (1994).

In this case, the Court will permit Plaintiff to amend his Complaint as to Defendant

8

Hudson.⁴ Although the original Complaint is vague as to Defendant Hudson's exact role in the alleged deliberate indifference to Plaintiff's serious medical needs, Plaintiff sets forth additional factual allegations regarding Defendant Hudson within his proposed Amended Complaint. Construing the Amended Complaint liberally, and accepting the factual allegations as true, Plaintiff states a facially plausible claim of deliberate indifference to his serious medical needs. Accordingly, amendment is not futile.

Contrary to Defendant Hudson's contentions, Plaintiff's allegations go beyond a mere disagreement over the proper course of his treatment. Plaintiff maintains that he underwent a September 2010 surgery for his hernia condition. Plaintiff indicates that there were complications during this surgery and a CCI doctor later informed him that the procedure failed. According to Plaintiff, since the surgery he has suffered severe abdominal pain and excessive swelling. Plaintiff asserts that although he has informed prison medical personnel of these circumstances, they have refused him testing and treatment. Accepting his allegations set forth in his pleadings as true, Plaintiff has sufficiently pled a claim for deliberate indifference, as opposed to a simple disagreement over the proper course of treatment.⁵ *Cf. Gonzalez v. Feinerman*, 663 F.3d 311, 314–15 (7th Cir. 2011) (holding that prisoner stated a deliberate indifference claim by adequately alleging that prison doctors had persisted in ineffective

---

⁴ Accordingly, the undersigned **RECOMMENDS** that the Court **DENY** Defendant Stuart Hudson's Motion for Judgment on the Pleadings.

⁵ Defendant Hudson attempts to use the grievance responses of prison personnel to contend that Plaintiff has received treatment following his surgery and that Plaintiff is simply unhappy with the course of treatment. At this time, however, the Court must accept Plaintiff's factual pleadings, in which he indicates that prison medical officials are refusing him treatment, as true. Based on the circumstances of this case, whether Plaintiff has actually received constitutionally adequate treatment is an issue of fact that the Court should not resolve at the pleadings stage.

treatment of his hernia despite the fact that his condition and pain continued, and were worsening, over time).

Defendant Hudson also contends that Plaintiff's original Complaint should be dismissed, and the proposed Amended Complaint is futile, because Plaintiff seeks to hold Defendant Hudson liable for his role as supervisor. Various portions of the proposed Amended Complaint do indicate that Plaintiff's claim is partially based on a *respondeat superior* theory, which is not cognizable under 42 U.S.C. § 1983. Nevertheless, Plaintiff also asserts that CCI medical personnel denied him treatment because Defendant Hudson ordered the CCI medical staff to stop all hospital trips and surgeries unless it concerned a life or death situation.[6] Plaintiff contends that this general policy was part of a cost-saving approach and resulted in the denial of medical treatment. Accepting such pleadings as true, it is reasonable to infer that Defendant Hudson at least implicitly authorized the conduct at issue in the Complaint. Furthermore, even assuming Defendant Hudson was unaware of Plaintiff's specific situation, such a policy could create significant risks for prison inmates in general.[7] *See Tate v. Coffee Cnty., Tenn.*, 48 F. App'x 176, 178 (6th Cir. 2002) (suggesting that a supervisor could be liable for instituting a "prison policy for responding to medical requests [that] was inadequate and was putting the inmates at serious risk."). Accordingly, construing Plaintiff's pleadings liberally, he alleges that Defendant Hudson

---

[6] Plaintiff specifically alleges that Defendant Hudson stopped all "round trips." (Am. Compl. 7, ECF No. 32-1.) From the context of Plaintiff's proposed Amended Complaint it appears that this is a reference to any medical trip outside of CCI.

[7] Medical needs do not need to rise to a "life or death" level to be sufficiently serious for the purposes of a deliberate indifference claim. *See Spears v. Ruth*, 589 F.3d 249, 254 (6th Cir. 2009) (indicating that a sufficiently serious need is found "[w]here a plaintiff's claims arise from an injury or illness so obvious that even a layperson would easily recognize the necessity for a doctor's attention") (internal quotations omitted).

played a sufficient role to allow for liability.

**C.     ODRC Director Gary Mohr**

In moving to amend his Complaint, Plaintiff also seeks to add ODRC Director Mohr as a defendant in this action.[8] Plaintiff alleges that in addition to Defendant Hudson, Director Mohr also took part in instituting the policies that led to the denial of medical treatment. Defendant Hudson opposes amendment, maintaining that Plaintiff's claim against Director Mohr is futile. Defendant Hudson also contends that allowing Plaintiff to add Director Mohr as a defendant in this case will result in undue delay.

The Court finds that the overall circumstances favor allowing amendment. Because Plaintiff's claim against Director Mohr mirrors his claim against Defendant Hudson, Defendant Hudson's futility contention is unpersuasive. With regard to Defendant Hudson's other contentions, delay and resulting prejudice are important factors in considering whether to allow leave to add a new party. Here, however, the Court is not convinced that allowing Plaintiff's Motion to Amend will result in significant prejudice to Defendant Hudson. Upon Defendant Hudson's own Motion, the Court has stayed the case schedule in this action. Furthermore, in allowing Plaintiff to move to amend, the Court cautioned that Plaintiff should not expect any further opportunity to amend. (Order, ECF No. 29.) Consequently, there is little merit to Defendant's assertion that allowing amendment will eliminate "any prospect of ever concluding this action." (Mem. Opp'n Mot. Am.4, ECF No. 37.) Finally, given the clear relatedness of Plaintiff's claims against Defendant Hudson and Director Mohr, it would be inefficient for the

---

[8] Although the portion of the proposed Amended Complaint relating to Mr. Mohr appears to be cut off, the Court will presume at this time, consistent with all other named Defendants, that Plaintiff sues Mr. Mohr in both his individual and official capacities.

Court to require Plaintiff to bring a separate parallel action against Director Mohr.

IV.

Based on the foregoing analysis, Plaintiff's Motion for Leave to Amend Complaint (ECF No. 32) is **DENIED** to the extent that Plaintiff attempts to revive his claims against the Ohio State University Medical Center and Dr. Paul Berry. Plaintiff's Motion for Leave to Amend Complaint (ECF No. 32) is **GRANTED** to the extent that he provides further detail as to his claim against Defendant Hudson and adds ODRC Director Gary Mohr as a defendant in this action. The Clerk is **DIRECTED** to file Plaintiff's Amended Complaint (ECF No. 32-1). It is **RECOMMENDED** that the Court **DENY** Defendant Hudson's Motion for Judgment on the Pleadings (ECF No. 16) in light of this Order and Report and Recommendation.

Additionally, the Clerk is **DIRECTED** to add Director Mohr as a defendant in this case. Plaintiff is cautioned that although he is proceeding *in forma pauperis* it is still his responsibility to assure that Defendant Mohr is properly served pursuant to Federal Rule of Civil Procedure 4. The record reflects that although Plaintiff provided the Court with a United States Marshal Service Form, he must still provide the Court with a summons form and a copy of the Amended Complaint for service on Defendant Mohr. Plaintiff is **DIRECTED** to provide these materials **WITHIN TWENTY-ONE (21) DAYS** of the date of this Order. Once Plaintiff provides the appropriate materials, the United States Marshal is **DIRECTED** to serve Defendant Mohr with a summons, the Amended Complaint, and a copy of this Order and Report and Recommendation. Defendant Mohr is **DIRECTED** to Answer or otherwise move as to Plaintiff's Amended Complaint **WITHIN TWENTY-ONE (21) DAYS** of service.

Discovery in this case will remain stayed until the Court reaches a final decision as to

Defendant Hudson's Motion for Judgment on the Pleadings. Following resolution of the Motion, the undersigned will lift the stay and set a briefing schedule for Plaintiff's pending discovery motions (ECF Nos. 19, 23) if appropriate.

V.

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: April 25, 2012                                  /s/ *Elizabeth A. Preston Deavers*
                 Elizabeth A. Preston Deavers
                 United States Magistrate Judge