UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**AARON D. YOUNKER,**

     **Plaintiff,**

                                        **Civil Action 2:11-cv-00749**
    **v.**                                  **Judge Gregory L. Frost**
                                        **Magistrate Judge Elizabeth P. Deavers**

**OHIO STATE UNIVERSITY MEDICAL
CENTER,** *et al.*,

     **Defendants.**

### ORDER

This matter is before the Court for consideration of Plaintiff's Motion to Compel Discovery of Medical Records and Opportunity to Copy. (ECF No. 83.) Also before the Court is Plaintiff's Motion to Take Depositions. (ECF No. 82.) Defendants filed their Opposition to both Motions on October 9, 2012. (ECF No. 84.) The Court also considers Plaintiff's Motion for a Stenographer for the Taking of Depositions and Subpoenas, as well as Plaintiff's Motion for Special Prosecutor for Jury Trial. (ECF Nos. 85 and 86.) Defendants filed their Opposition to the later two Motions on November 2, 2012. (ECF No. 87.) For the reasons that follow, Plaintiff's Motion to Compel Discovery is **DENIED WITHOUT PREJUDICE**. (ECF No. 83.) Plaintiff's Motion to Take Depositions is **DENIED**. (ECF No. 82.) Plaintiff's Motion for a Stenographer for the Taking of Depositions is also **DENIED**. (ECF No. 85.) Finally, Plaintiff's Motion for Special Prosecutor is **DENIED**. (ECF No. 86.)

**A.**     **Plaintiff's Motion to Compel Discovery**

Plaintiff's Motion to Compel Discovery is denied. In his Motion, Plaintiff indicates that medical records he had previously seen in his medical file are now missing. He moves the Court

to order Defendants to "restore" the records, and to compel Defendants to "pass" him to copy his medical records. In their Opposition to Plaintiff's Motion, Defendants indicate that defense counsel mailed Plaintiff thirty-seven pages of medical records from his file on October 1, 2012. They urge the Court to deny Plaintiff's Motion because Plaintiff did not attempt to resolve this discovery dispute prior to filing his Motion. Plaintiff has not replied to Defendants' Opposition.

It appears that Plaintiff's Motion to Compel is now moot. Plaintiff filed a Motion to Take Depositions on the same day that he filed the instant Motion to Compel. According to Defendants, two weeks later they sent Plaintiff thirty-seven pages of medical records. Approximately one week later, Defendants responded to both of Plaintiff's Motions in the same Opposition. Although Plaintiff replied to Defendants' Opposition with respect to his Motion to Take Depositions, he has not replied with respect to his Motion to Compel. This leads the Court to conclude that the thirty-seven pages of medical records that Defendants sent Plaintiff on October 1, 2012 provided him with the documents that were the subject of his Motion to Compel. The Court, therefore, denies Plaintiff's Motion to Compel without prejudice. Should Plaintiff experience difficulty obtaining discovery from Defendants in the future, he may, if he so chooses, file another motion to compel. Plaintiff is cautioned, however, that he must comply with the local court rules and attempt to resolve his discovery disputes with defense counsel prior to filing a motion to compel. S.D. Ohio Civ. R. 37.2.

**B.**     **Plaintiff's Motion to Take Depositions and Motion to Compel Stenographer**

Plaintiff's Motion to Take Depositions and Motion to Compel Stenographer are denied. Plaintiff filed a Motion to Take Depositions, in which he asks the Court to subpoena thirteen individuals for deposition. Plaintiff sets forth the names and addresses of the individuals.

Plaintiff makes no further requests or statements in his Motion.

Defendants oppose Plaintiff's Motion. They first point out that Plaintiff purports to schedule or attempt to schedule more than ten individuals for deposition, yet has not sought agreement of the parties or obtained leave of the Court to do so as Rule 30 of the Federal Rules of Civil Procedure requires. Second, to the extent Plaintiff's Motion might be construed as a Notice of Taking Deposition, Defendants object to the Notice because it does not set forth the date or time of the depositions, nor does it include the necessary subpoena language. Finally, Defendants oppose any request by Plaintiff that the Court assume the costs of the depositions that Plaintiff wishes to set.

Although Plaintiff has not directly replied to Defendants' Opposition, he subsequently filed a Motion for Stenographer for the Taking of Depositions. (ECF No. 85.) That Motion appears to supplant the instant Motion to Take Depositions, which renders his first Motion moot. For that reason Plaintiff's Motion to Compel Depositions is denied.

In his Motion for Stenographer, Plaintiff requests leave to take the thirteen depositions. He does not indicate why more than ten depositions are necessary. Plaintiff also appears to request that the Court assume the cost of the depositions at this point, and to require the non-prevailing party to reimburse the Court at the conclusion of this case.

The Court denies Plaintiff's Motion both with respect to his request for leave to take over ten depositions and his request that the Court assume the cost of the depositions. First, Plaintiff's general request to take the thirteen depositions, without more, does not persuade the Court that more than ten depositions are appropriate under Rules 30(a)(2) and 26(b)(2) of the Federal Rules of Civil Procedure. Second, Plaintiff's *in forma pauperis* status does not entitle

3

him to free discovery. *Johnson v. Hubbard*, 698 F.2d 286, 289 (6th Cir. 1983). Thus, Plaintiff is required to pay the costs associated with taking any depositions that he wishes to schedule. His Motion for Stenographer is, therefore, denied.

**C.     Plaintiff's Motion for Special Prosecutor**

Plaintiff's Motion for a Special Prosecutor is also denied. In his Motion, Plaintiff lists a number of federal statutes that he believes various employees of the Ohio Department of Rehabilitation and Corrections have violated. He requests that the Court appoint a prosecutor to prosecute these purported violations. This Court, however, does not have the authority to launch criminal investigations, file criminal charges, or to decide whether or not to prosecute. *Bordenkircher v. Kayes*, 434 U.S. 357, 364 (1978) ("In our system . . . the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [the prosecutor's] discretion."); *see also Linda R. v. Richard V.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Thus, Plaintiff's Motion is denied.

**D.     Conclusion**

Accordingly, Plaintiff's Motion to Compel Discovery is **DENIED WITHOUT PREJUDICE**. (ECF No. 83.) Plaintiff's Motion to Take Depositions is **DENIED**. (ECF No. 82.) Plaintiff's Motion for a Stenographer for the Taking of Depositions is also **DENIED**. (ECF No. 85.) Finally, Plaintiff's Motion for Special Prosecutor is **DENIED**. (ECF No. 86.)

**IT IS SO ORDERED.**

Date: November 9, 2012                    */s/ Elizabeth A. Preston Deavers*

                                                                                          Elizabeth A. Preston Deavers
                                                                                          United States Magistrate Judge